UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIDA JAIME VARGAS,<br><br>           Plaintiff,<br><br>     v.<br><br>YUBA CITY, ET AL.,<br><br>           Defendant. | No.  2:13-cv-1546 TLN CKD<br><br>**ORDER** |

Defendants Yuba City, Officer Todd Wolfe, Officer Paul Hillegass and Chief of Police Robert D. Landon (collectively referred to as "Defendants") seek to dismiss Plaintiff Elida Vargas's ("Plaintiff") Complaint on the grounds that *Heck v. Humphrey*, 512 U.S. 444 (1994) bars Plaintiff's First Claim, alleging excessive force.  (*See* Defs.' Mot. to Dismiss, ECF No. 8.)  Additionally, Defendants assert that Plaintiff's Second Claim, alleging liability under *Monell*, fails to allege facts sufficient to state a claim.  (ECF No. 8.)  Plaintiff opposes Defendants' motion.  (*See* Pl.'s Opp., ECF No. 9.)  The Court has carefully considered the arguments presented by the parties.  For the reasons set forth below, Defendants' motion (ECF No. 5) is GRANTED IN PART and DENIED IN PART.

**I.     Factual Background**

Plaintiff filed her Complaint against Defendants on July 30, 2013.  (Compl., ECF

1

No. 1.) The instant complaint was filed on September 25, 2013.[1] (*See* First Am. Compl. ("FAC"), ECF No. 6.) The FAC alleges that on October 5, 2011, while Plaintiff was sitting with a friend in a vehicle, Defendant Officers Hillegass and Wolfe approached the vehicle and forcibly removed her through the driver's side window by pulling her hair. (ECF No. 6 at ¶ 16.) Plaintiff further alleges that Officers Wolfe and Hillegass then forced her to the ground, beat her with their batons (ECF No. 6 at ¶ 17), and that the officers' use of force caused her serious and permanent injuries. (ECF No. 6 at ¶ 20.)

Plaintiff's FAC alleges two claims stemming from the alleged incident. The first alleges that Defendants' use of force in removing her from the vehicle by pulling her hair, handcuffing her, and beating her with batons, violated her Fourth Amendment right to be free from unreasonable seizures. (ECF No. 6 at ¶¶ 22–26.) Plaintiff's Second Claim alleges that Defendant City of Yuba City breached its duty to adequately train, supervise and discipline its officers in order to protect members of the public, including Plaintiff, "from being harmed by the police unnecessarily." (ECF No. 6 at ¶ 28.) Plaintiff alleges that Defendant Landon was the Chief of Police on the date of the incident and sues him in his official capacity only. (ECF No. 6 at ¶ 6.)

## II. **Standard of Law**

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted

---

[1] The original Complaint was amended as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).

as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any

exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).  Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.  Analysis**

Defendants contend that Plaintiff's first claim is barred by *Heck* because Plaintiff's arrest by Defendants resulted in her pleading nolo contendere to violating California Penal Code section 415(1), which prohibits a person from unlawfully fighting in a public place or challenging another person in a public place to fight.[2]  In Defendants' reply, they clarify that their motion to dismiss only pertains to Plaintiff's unlawful seizure claim, not Plaintiff's excessive force claim.  (*See* Defs.' Reply, ECF No 10 at 5.)

///

///

---

[2]  Defendants requested the Court take judicial notice of court records contained in the file of *People v. Elida Jaime*, Sutter County Superior Court case number CR-F-11-0002178.  These records demonstrate that as a result of Plaintiff's arrest by Defendants she pled nolo contendere to violating California Penal Code section 415(1).  Pursuant to Federal Rule of Evidence 201(b), the Court shall take notice, when requested and provided with sufficient information, of facts that are not subject to reasonable dispute because "it can be accurately and ready determination from sources whose accuracy cannot reasonably be questioned."  Defendants have provided this Court with the Superior Court's minutes that evidence Plaintiff's nolo contendere plea to California Penal Code section 415(1).  Thus, the Court takes judicial notice of this fact.

The Court has reviewed Plaintiff's Complaint and finds that Defendants' interpretation of Plaintiff's Complaint is misguided.  Although Plaintiff's claim does incorporate an allegation that Defendants "seized plaintiff VARGAS while she was in a parked vehicle without any justification and without probable cause or reasonable suspicion that she had committed a crime," (ECF No. 6 at ¶24(a)) the crux of the claim is that Defendants used excessive force. (*See* ECF No. 6 at ¶¶ 24(b) and (d) ("Defendants seized plaintiff VARGAS while she was in a parked vehicle and in so doing used excessive force by grabbing her by the hair to pull her from the vehicle; [e]ven after defendants had placed VARGAS in handcuffs, they continued to use excessive force by sitting on her chest and beating her with a baton.").) Moreover, Plaintiff entitled this claim: FIRST CAUSE OF ACTION Violation of Civil Rights-42 U.S.C. Section 1983 (Excessive Force 4th Amendment).  (ECF No. 6 at 6.)  Thus, this Court interprets Plaintiff's First Claim as a challenge to the reasonableness of the seizure because of the excessive force used, not whether Defendants in fact had probable cause.

"Under the Supreme Court's holding in *Heck*, a section 1983 action 'that would call into question the lawfulness of a plaintiff's conviction or confinement is not cognizable, and does not, therefore, accrue until and unless the plaintiff can prove that his conviction or sentence has been reversed on direct appeal.'" *Campos v. City of Merced*, 709 F. Supp. 2d 944, 961 (E.D. Cal. 2010) (quoting *Harvey v. Waldron*, 210 F.3d 1008, 1014–16 (9th Cir. 2000)).  Thus, *Heck* bars a party from bringing a §1983 claim regarding her arrest or the probable cause related, thereto, but will not preclude her from arguing that the police used excessive force.  *Id.*; *see also Smithart v. Towery*, 79 F.3d 951, 952–53 (9th Cir. 1996) ("To the extent that [a plaintiff] seeks to recover for defendants' alleged use of excessive force during the course of his arrest, his section 1983 action may proceed despite the fact that his conviction has not been reversed, expunged, invalidated, or called into question by the issuance of a writ of habeas corpus by a federal court.").  Thus, if it is Plaintiff's contention to challenge whether Defendants had probable cause to arrest her, such a claim is barred pursuant to *Heck*.  However, because the gravamen of Plaintiff's claim challenges the reasonableness of the force used, not the reasonableness of the arrest, Plaintiff's claim is proper.  Accordingly, Defendants' motion to dismiss Plaintiff's First

Claim is DENIED.

Defendants also move this Court to dismiss Plaintiff's Second Claim against Yuba City and Defendant Robert Landon. In her Second Claim, Plaintiff alleges that Defendants breached their duty to adequately train, supervise and discipline their police officers in order to protect members of the public from being harmed by the police unnecessarily. (ECF No. 6 at ¶ 27–30.) Defendants contend that Plaintiff's claim fails because Plaintiff has not offered any factual allegations to support her contention and instead relies on legal conclusions. (Defs.' Mem. P.&A. Supp. Mot. to Dismiss, ECF No. 8-1 at 7.) The Court agrees.

A litigant can establish a *Monell* claim in one of three ways: "(1) by showing a longstanding practice or custom which constitutes the standard procedure of the local governmental entity; (2) by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (3) by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate." *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005). Absent a formal governmental policy, a plaintiff must show a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.* at 918 (citing *Bennett v. City of Slidell,* 728 F.2d 762, 767 (5th Cir. 1984); *see also, Meehan v. Los Angeles County,* 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish custom); *Davis v. Ellensburg,* 869 F.2d 1230 (9th Cir. 1989) (manner of one arrest insufficient to establish policy)). "The inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

In the instant case, Plaintiff has failed to allege any facts that would support her

allegation that Defendants have a policy or practice of failing to adequately train, supervise and discipline their police officers.  Instead, Plaintiff's FAC includes naked assertions that Defendants Wolfe and Hillegass were not properly trained.  These assertions are based on one single incident and thus in no way support the existence of a policy.  *See Trevino*, 99 F.3d at 918.  Furthermore, Plaintiff fails to provide facts that would support the allegation that Defendants were deliberately indifferent to a need for training.  *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) ("[A] municipality's failure to train its employees in a relevant respect must amount to deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.")

Plaintiff cites *Marsh v. San Diego County*, 432 F. Supp. 2d 1035 (S.D. Cal. 2006), for her contention that bare allegations alone will suffice for a *Monell* claim to survive a motion to dismiss.  (*See* ECF No. 9 at 7.)  However, Plaintiff fails to reconcile the standard set forth in *Marsh* with the United States Supreme Court's subsequent decisions in *Iqbal* and *Twombly*.  *See Iqbal*, 556 U.S. at 678–79 (holding that a complaint that tenders "naked assertion[s]" devoid of "further factual enhancement" will not survive a motion to dismiss); *Twombly*, 550 U.S. at 555 (holding that a pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action).  Therefore, because Plaintiff has failed to allege facts that would establish *Monell* liability, Defendants' motion to dismiss Plaintiff's Second Claim is GRANTED.

**IV.     Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 8) is GRANTED IN PART and DENIED IN PART.  It is hereby ORDERED AND ADJUDGED that

1. Defendants' motion to dismiss Plaintiff's First Claim for violation of Plaintiff's Fourth Amendment right due to excessive force is DENIED;[3]

2. Defendants' motion to dismiss Plaintiff's Second Claim for civil rights violations under *Monell* is GRANTED with leave to amend.

---

[3] To the extent that Plaintiff tries to challenge the validity of her arrest, such a claim is barred pursuant to *Heck*.  *See Heck*, 512 U.S. 444 (1994)

3. Plaintiffs may file a second amended complaint within thirty days of the entry of this order.

IT IS SO ORDERED.

Dated: March 18, 2014

Troy L. Nunley
United States District Judge